UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN JAMES, TDCJ # 1700754, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-11-CA-329-FB (NN) |
| SGT. ALFRED PEREZ, | § | |
| UNIDENTIFIED ARRESTING OFFICERS, | § | |
| and UNIDENTIFIED NURSES, | § | |
| | § | |
| Defendants | § | |

# SHOW CAUSE ORDER

Before the Court is Plaintiff John James' 42 U.S.C. § 1983 Civil Rights Complaint. A civil rights complaint may not proceed until the plaintiff has paid the $350.00 filing fee or the plaintiff is granted leave to proceed in forma pauperis (IFP). Plaintiff's Complaint is not accompanied by the filing fee or an IFP application. **Plaintiff shall pay the filing fee or submit a current application to proceed IFP (which must be accompanied by a current institutional trust fund account statement showing deposits and balances to Plaintiff's account for the previous six months) within twenty-one (21) days**.

Plaintiff James' § 1983 Complaint alleges: On March 31, 2010, he was "illegally arrested & searched under a false warrant" by Sergeant Alfred Perez. He was placed in the custody of nurses that "[s]hot [him] up with drugs and [he] went into a coma." The criminal charges were later dropped. He seeks damages against Sergeant Perez, the arresting officers, and the treating nurses.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) require this Court to screen a prisoner's in forma pauperis (IFP) complaint and dismiss the complaint if the court determines it is frivolous or malicious or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P.

12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

*Plaintiff's § 1983 Complaint is frivolous and fails to state a claim, and therefore is subject to dismissal, for the following reasons:*

1. James failed to state a federal civil rights claim for false arrest. In *Rodriguez v. Ritchey*, 556 F. 2d 1185, 1190-93 (5th Cir. 1977), the Fifth Circuit concluded a comparable claim was frivolous stating:

> It is true that the fourth amendment does command that probable cause support a warrant. However, just because a person validly arrested is later discovered to be innocent does not make the arrest "unlawful" for fourth amendment purposes. . . . [I]t has long been settled that an indictment by a properly constituted grand jury conclusively determines the existence of probable cause and provides the authority for an arrest warrant to issue. The conclusion to be draw is readily apparent: Since there was no unconstitutional arrest, no claim has been stated . . .
>
> . . . .
>
> . . . [A]n arrest made under authority of a properly issued warrant is simply not a "false" arrest, it is a "true" or valid one. Second, if the facts supporting an arrest are put before an intermediate such as a magistrate or grand jury, the intermediate's decision breaks the causal chain and insulates an initiating party. Third, the general rule is that one who is engaged merely in investigatory work is not liable for a resulting false arrest, even if he acted maliciously.

(footnotes omitted).

James acknowledges he was arrested pursuant to a warrant and thus his arrest was supported by a judicial determination there was probable cause for his arrest, and thus his arrest was lawful. Furthermore, the fact the charges were later dropped did not render his arrest unlawful. Therefore, James failed to state a claim for false arrest.

2. Plaintiff has no civil rights claim for negligent medical attention. For a prisoner to state a civil rights claim for the denial of medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a health care provider's diagnosis or course of treatment is not a basis for a civil rights action. *Wesson v. Oglesby*, 910 F. 2d 278, 283 (5th Cir. 1990). Even if the medical attention furnished was negligent or constituted medical malpractice this is not a basis for a civil rights claim.

3. Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 820-23. The Defendants in their individual capacities are entitled to invoke qualified immunity and James failed to allege *particular facts* sufficient to show Defendants are not entitled to qualified immunity.

Before dismissal Plaintiff is entitled to amend his Complaint or explain why the Complaint

should not be dismissed.  *See Neitzke v. Williams*, 490 U.S. at 329.  **Therefore, within twenty-one (21) days Plaintiff shall show cause why his Complaint should not be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) as frivolous or for failure to state a claim by filing an amended complaint (of no more than ten pages) curing these deficiencies.**  If Plaintiff fails to respond to this Order, this action will also be dismissed for failure to prosecute and failure to comply with this Order.  *See* Fed. R. Civ. P. 41(b).  Alternatively, Plaintiff may request voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a).

**SIGNED** on April 26, 2011.

*/s/ Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE